IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL J. KANODE, SR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JIM RUBENSTEIN,** *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 1:12-06068 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 1, 2012, Plaintiff, acting *pro se* and incarcerated at Stevens Correctional Center, in Welch, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Jim Rubenstein; (2) Department of Military Affairs and Public Safety; (3) Dennis W. Foreman, Chairman of the West Virginia Parole Board; (4) Division of Corrections; (5) Parole Board Members; and (6) Adrian Hoke, Warden of Huttonsville Correctional Center. (Document No. 2, pp. 2 and 12.) First, Plaintiff alleges that he has been falsely imprisoned by the D.O.C. since August 13, 2007. (Id., pp. 5 - 6.) Plaintiff states that he was "convicted on a six Count indictment that he didn't commit due to a tainted jury, judge and his court appointed attorney conspiring with each other." (Id.) Plaintiff further complains that Circuit Court Judge Derek C. Swope imposed an excessive sentence based upon his vindictiveness towards Plaintiff. (Id., p. 6.) Second, Plaintiff states that he had a gunshot wound to his head at the time of his arrest on August 13, 2007. (Id., pp. 5 and 7.) Plaintiff alleges that even though he had "a hole in

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

his head," he did not receive any medical attention by medical staff at the jail. (Id.) Plaintiff alleges that he has "lost hearing in one ear and suffered partial vision loss during his incarceration and suffers migraine headaches all due to not being able to receive the proper medical attention needed due to being falsely incarcerated." (Id.)

Third, Plaintiff complains Warden Adrian Hoke allowed him to be subjected cruel and unusual punishment during his confinement at Huttonsville Correctional Center. (Id., pp. 7 and 12.) Specifically, Plaintiff asserts that he was subjected to food deprivation, inadequate ventilation, exposure to sewage, excessive noise, sleep deprivation, and exposure to insects and rodents. (Id.)

Fourth, Plaintiff alleges that Dennis Foreman and members of the West Virginia Parole Board have subjected him to mental anguish and torture by denying him parole. (Id., pp. 9 - 10.) Plaintiff contends even though he was eligible for parole, Defendants improperly required him to wait five years before "seeing the parole board." (Id., p. 10.) Plaintiff alleges that Defendant Foreman and the Parole Board have subjected him to discrimination, embarrassment, humiliation, harassment, emotional injury, and defamation of character. (Id.)

Finally, Plaintiff alleges that "Jim Rubenstein allows the parole board and its members to use the prison system as a homeless shelter and does not address or answer grievances in a proper manner." (Id., p. 12.) Plaintiff further complains that Defendant Rubenstein allows illegal drugs, criminal activity, and unsanitary living conditions to occur within the jail. (Id.) As relief, Plaintiff requests his monetary damages and his immediate release from incarceration. (Id., p. 13.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious

or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Failure to Exhaust:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may

not afford them the relief they might obtain through civil proceedings.[2] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms

---

[2] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the

5

burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The West Virginia Division of Corrections' Policy Directive 335.00 establishes procedures whereby state inmates may seek review of complaints which relate to any aspect of their imprisonment. Within 15 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must submit a G-1 Grievance Form to the Unit Manager. The Unit Manager must respond to the inmate's Grievance within five business days. If the Unit Manager's response is unfavorable, the inmate may appeal within five working days to the Warden/Administrator by filing a G-2 Grievance Form. The Warden/Administrator must respond to the appeal, in writing, within five working days. If the Warden/Administrator, in his/her discretion, determines that an investigation is warranted, a final response shall be made to the inmate within 30 working days. If the Warden/Administrator's response is unfavorable, the inmate may appeal within five working days to the Commissioner/designee of the Division of Corrections. The Commissioner must respond to the appeal within ten working days. The administrative process is exhausted when the Commissioner responds to the inmate's final appeal. The entire process takes about 60 days to complete.

In his Complaint, Plaintiff acknowledges that he did not fully exhaust his administrative remedies. (Document No. 2, pp. 3 and 8.) Plaintiff appears to contend that he should be excused from exhaustion because any attempt to exhaust would be futile. (Id.) Specifically, Plaintiff argues that prison staff at Huttonsville Correctional Center fail to properly respond to administrative remedy requests. (Id.) Plaintiff, therefore, contends that "the grievance procedure has no merit or no jurisdiction inside the walls of Huttonsville Correctional Center." (Id.) The United States Supreme Court, however, has stated that it "will not read futility or other exceptions into statutory exhaustion requirements. . . ."[3] Booth v. Churner, 532 U.S. 741, n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); also see Massey, 196 F.3d at 727("[T]here is no futility exception to the PLRA's exhaustion requirement."); Jacocks v. Hedrick, 2006 WL 2850639, * 5 (W.D.Va. Sept. 29, 2006)(finding that inmate's alleged pain and suffering after the loss of his eye were not special circumstances that would excuse his failure to exhaust where he had filed prior grievances complaining of other matters).

---

[3] Plaintiff appears to rely on the exhaustion standard for Section 2241 Petitions. Unlike the exhaustion requirement for Section 1983 and *Bivens* actions, the exhaustion requirement for Section 2241 Petitions are judicially imposed. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3rd Cir. 1996); *McCallister v. Haynes*, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. *See LaRue v. Adams*, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(*citing Smith v. Angelone*, 111 F.3d 1126, 1129-31 (4th Cir.), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d 1036 (1997)). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims.").

Furthermore, the "[f]ailure to receive a response is not an excuse for not moving to the next level of the grievance procedure." Nally v. King, 2013 WL 594709 * 3 (N.D.W.Va. Jan. 3, 2013); Cremeans v. Villers, 2012 WL 2359831 *3 (N.D.W.Va. May 29, 2012). Policy Directive 335.00 provides that if the Unit Manager or Staff Supervisor fails to answer the G-1 grievance within the time allotted for a reply, "the inmate may file immediately a G-2 Grievance Form utilizing his/her G-1 Grievance Form copy in order to continue the grievance process." If the Warden or Administrator fails to answer to the G-2 Grievance within the time allotted for a reply, "the inmate may submit an appeal to the Commissioner/designee of the Division of Corrections within five (5) working days, excluding weekends and holidays, after . . . the time for the response has passed." Plaintiff, however, failed to consider any absence of a response as a denial and proceed to the next level. Plaintiff assumed he would not receive a response and Plaintiff filed his instant Complaint. Thus, Plaintiff filed his Complaint without first exhausting his administrative remedies pursuant to the PLRA. To the extent Plaintiff is complaining about the conditions of his confinement, the undersigned recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust his administrative remedies.

**2.     Heck:**

Plaintiff alleges that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Mercer County. Specifically, Plaintiff challenges the validity of his conviction based on the following: jury bias, judicial prejudice, excessive sentence, and ineffective assistance of counsel. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during his criminal trial in the Circuit Court of Mercer County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States

Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372.See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff appealed his conviction to the West Virginia Supreme Court, and West Virginia Supreme Court denied Plaintiff's appeal. State v. Kanode, Case No. 082384 (W.Va. April 7, 2009). Plaintiff filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody with this Court on September 19, 2008. By Memorandum Opinion and Order entered on July 5, 2011, United States District Judge Faber denied his Section 2254 Petition. Kanode v. State, 08-1113 (S.D.W.Va. July 5, 2011). The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.[4]

**3.     Immunity of Parole Board Members:**

---

[4] Plaintiff asserted similar claims in Civil Action Nos. 1:09-1530, 1:10-0407, 1:11-0994, and 1:12-0157. By Proposed Findings and Recommendations entered on February 22, 2012, the undersigned recommended that Plaintiff's Complaints be dismissed. (Document No. 13.) By Memorandum Opinion and Order entered on September 28, 2012, United States District Judge David A. Faber adopted the undersigned's recommendation. (Document Nos. 18 and 19.) Plaintiff filed Notice of Appeal on November 20, 2012. (Document No. 21.) The Fourth Circuit Court of Appeals dismissed Plaintiff's appeal on January 23, 2013. (Document No. 26.)

Plaintiff alleges that Defendant Foreman and Parole Board members improperly denied him parole. It is well established that quasi-judicial immunity protects parole board members from civil damages with regard to their consideration of parole. Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975)("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); also see Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978); Parkulo v. West Virginia Board of Probation and Parole, 199 W.Va. 161, 483 S.E.2d 507 (1997). Accordingly, the undersigned finds that Defendant Foreman and the Parole Board members are entitled to immunity.

**4.     Request for Injunctive Relief is Moot:**

To the extent Plaintiff is requesting injunctive relief in the form of his release from custody, Plaintiff's request should be denied as moot. The West Virginia Division of Corrections' "Offender Search" indicates that Plaintiff has been released from custody. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), *quoting* Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007). A change in an inmates circumstances from those which generated the inmate's request for

injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(Plaintiff's transfer mooted his Section 1983 claims for declaratory and injunctive relief but not claims for monetary damages.); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)("Because the prisoner has been transferred, his request for injunctive relief is moot."); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy."). Plaintiff's request for injunctive relief in the form of his release from custody became moot upon his release. Accordingly, Plaintiff's claim for injunctive relief should be denied as moot.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiffs' Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiffs' Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and

Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 30, 2015.

R. Clarke VanDervort
United States Magistrate Judge